IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 12, 2019

## DONALD EUGENE WINDER, III v. KARA ELIZABETH WINDER

**Appeal from the General Sessions Court for Meigs County**
**No. D1738    Casey Mark Stokes, Judge**

_____

### No. E2019-01636-COA-T10B-CV

_____

This is an interlocutory appeal as of right, pursuant to Tennessee Supreme Court Rule 10B, from the trial court's denial of a motion for judicial recusal filed by the wife during the course of the parties' divorce proceedings. Having determined that the trial court made insufficient findings in denying the motion as required by Section 1.03 of Rule 10B, we vacate the trial court's order denying wife's motion to recuse—as well as any other orders entered subsequent to the filing of Wife's recusal motion—and remand for further proceedings consistent with this opinion.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Rom Meares and Martha Meares, Maryville, Tennessee, for the appellant, Kara Elizabeth Winder.

Robert Jolley, Jr. and Emma M. Steel, Knoxville, Tennessee, for the appellee, Donald Eugene Winder, III.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

On January 7, 2019, Donald Winder ("Husband") filed a Complaint for Divorce against Kara Winder ("Wife") in the Domestic Relations Court for Meigs County (the "trial court"). On January 8, 2019, Husband and Wife filed a Marital Dissolution Agreement and a Permanent Parenting Plan Order with the trial court. On April 3, 2019, Wife filed a pro se Notice of Withdrawal of Permanent Parenting Plan and Marital

Dissolution Agreement and Objection to Venue. On July 19, 2019, Wife filed a lengthy pro se affidavit presumably in support of her earlier filed notice of withdrawal. On August 16, 2019, Husband filed his affidavit in response. Wife filed her Motion to Recuse on August 21, 2019, alleging that Husband—who is a licensed attorney—had deceived her into signing the MDA and the parenting plan and that Husband regularly appeared before the trial court judge—Judge Casey Stokes—as a practicing attorney. Additionally, Wife alleged, among other things, that she had witnessed Husband and Judge Stokes socializing together outside of the courtroom. Wife, in her sworn Petition for Recusal Appeal filed in this Court, stated that she had adhered to the provisions of the MDA and the parenting plan until filing her notice of withdrawal in the trial court proceeding in April 2019.

At the hearing on Wife's motion to recuse, Judge Stokes made the following comments from the bench:

> I think the language in the motion to recuse said that this is a friendly court, and it is a friendly court. We try to help, and that's why we let people file from out of county, you know, to help them out. At this point I don't see a need to recuse. I'll stay on it. If I feel like we get to a point, I may change my mind, but at this point I'm going to retain the case.

On August 22, 2019, Judge Stokes entered an order drafted by Husband's counsel, denying in a single sentence, without any factual or legal explanation, Wife's motion to recuse and ordering that the parties return to the established visitation schedule in the parenting plan. Wife objected to Judge Stokes' entry of the August 22, 2019 order and submitted her own proposed order, which provided that the parties return to the visitation schedule that had been in place following her repudiation of the MDA and the parenting plan. Judge Stokes initialed that order as well on September 3, 2019. Wife thereafter timely filed her Petition for Recusal Appeal in this Court. Having reviewed Wife's petition and supporting documents, we conclude that a response by Husband to the petition, additional briefing, and oral argument are unnecessary. As such, we now proceed to review Wife's petition in accordance with Tennessee Supreme Court Rule 10B sections 2.05 and 2.06.

## ISSUE PRESENTED

Wife presents two issues on appeal, which we rephrase as follows:

1. Whether the trial court erred in denying Wife's motion to recuse.

2. Whether the August 22, 2019 and September 3, 2019 orders should be vacated.

## STANDARD OF REVIEW

Concerning the standard of review applicable to Rule 10B petitions, this Court has explained:

> The 2012 adoption of Tennessee Supreme Court Rule 10B requires appellate courts to review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B, § 2.01. The party seeking recusal bears the burden of proof, and any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case.

*Childress v. United Parcel Serv., Inc.*, No. W2016-00688-COA-T10B-CV, 2016 WL 3226316, at *2 (Tenn. Ct. App. June 3, 2016) (internal quotations omitted). Additionally, when reviewing a Tennessee Supreme Court Rule 10B appeal, the only order this Court may review is the trial court's order denying the motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012).

## DISCUSSION

Wife contends that the August 22, 2019 order denying her motion to recuse does not comply with Tennessee Supreme Court Rule 10B section 1.03 because it does not state the grounds upon which the motion was denied. Section 1.03 of Rule 10B provides that, if a motion to recuse is denied, "the judge shall state in writing the grounds upon which he or she denie[d] the motion." Tenn. Sup. Ct. R. 10B § 1.03. After our review of Wife's petition and the supporting documents, we agree with Wife.

In the August 22, 2019 order, the only reference to Wife's motion to recuse is as follows: "After hearing and denying Mother's Motion to Recuse, Father made an oral Motion to resume visitation under the Agreed Parenting Plan filed in this Court on January 8, 2019." The rest of the two-page order is dedicated solely to the visitation issue. While oral findings may be incorporated into the written order to satisfy Rule 10B section 1.03, *see Harcrow v. Harcrow*, No. M2019-00353-COA-T10B-CV, 2019 WL 1397085, at *3 (Tenn. Ct. App. Mar. 27, 2019) ("The trial court judge's incorporation by reference of the oral findings made at the January 7, 2019 hearing into the written order was sufficient to meet the requirements of section 1.03 of Rule 10B."), here, the order contains no such incorporation and, even if it had, Judge Stokes' oral findings on Wife's motion to recuse were nevertheless insufficient. At the hearing, Judge Stokes simply stated that he "[did not] see a need to recuse" himself but that he "may change [his] mind" in the future. These "findings" do not satisfy the requirements of Section 1.03 of Rule 10B.

Wife also contends that the August 22, 2019 and September 3, 2019 orders relating to visitation should be vacated. In support of her argument, Wife cites to Tennessee Supreme Court Rule 10B section 1.02, which provides that, while a motion to recuse is pending, "the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken." Tenn. Sup. Ct. R. 10B § 1.02. Accordingly, "it is generally inappropriate for a trial court to rule on the merits of a case while a recusal motion is pending." *Wilhoite v. Wilhoite*, No. M2016-00848-COA-R3-CV, 2016 WL 5723956, at *4 (Tenn. Ct. App. Sept. 30, 2016); *see also Carney v. Santander Consumer USA*, No. M2010-01401-COA-R3-CV, 2015 WL 3407256, at *7 (Tenn. Ct. App. May 28, 2015) (vacating the trial court's order because it was entered while a recusal motion was pending). *But see Conservatorship of Tate*, No. M2012-01918-COA-10B-CV, 2012 WL 4086159, at *3 (Tenn. Ct. App. Sept. 17, 2012) (declining to vacate an order entered while a recusal motion was pending because the trial court ultimately correctly denied the motion to recuse). Here, in the August 22, 2019 order, however, Judge Stokes first denied Wife's motion to recuse and then subsequently made conflicting rulings on the parties' visitation schedule. As such, Judge Stokes took no action on the case while Wife's motion to recuse was "pending." However, while Section 1.02 of Rule 10B does not apply, we have determined that Judge Stokes made insufficient findings as to his reasoning for denying Wife's motion to recuse as required by section 1.03 of Rule 10B. Accordingly, we vacate the August 22, 2019 and September 3, 2019 orders and remand this case to the trial court. On remand, should Judge Stokes deny Wife's motion to recuse, he must "state in writing the grounds upon which he . . . denies the motion." *See* Tenn. Sup. Ct. R. 10B § 1.03. Conversely, should Judge Stokes, upon reconsideration, decide to recuse himself, the case is to be returned to the presiding judge of the Ninth Judicial District of Tennessee for transfer to another judge.

## CONCLUSION

For the foregoing reasons, we vacate the judgment of the trial court and remand the case to the trial court for all further proceedings as are necessary and are consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE